10-2674-ag
Lenny v. Holder

BIA
Hom, IJ
A099 936 436/437/438

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of November, two thousand eleven.

PRESENT:
    JOSÉ A. CABRANES,
    PETER W. HALL,
    DENNY CHIN,
        *Circuit Judges*.

_____

(NO GIVEN NAME) LENNY, EDDIE SOENTORO
LUKITO, AKA EDDIE SARENTORO LEKITO,
WINONA ARTANTI LUKITO, AKA WINNONA
ARTANTI LEKITO,
        *Petitioners*,

            v.                                  10-2674-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONERS:        Theodore N. Cox, New York, New York.

**FOR RESPONDENT:**          Tony West, Assistant Attorney
General; Leslie McKay, Assistant
Director; Melissa K. Lott, Trial
Attorney, Office of Immigration
Litigation, United States Department
of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a
decision of the Board of Immigration Appeals ("BIA"), it is
hereby ORDERED, ADJUDGED, AND DECREED, that the petition for
review is DENIED.

Lenny, Eddie Soentoro Lukito, and Winona Artanti
Lukito, natives and citizens of Indonesia, seek review of a
June 24, 2010, decision of the BIA affirming the August 12,
2008, decision of Immigration Judge ("IJ") Sandy Hom denying
their application for asylum, withholding of removal, and
relief under the Convention Against Torture ("CAT").  *In re
(No Given Name) Lenny, Eddie Soentoro Lukito, aka Eddie
Sarentoro Lekito, Winona Artanti Lukito*, *aka Winnona Artanti
Lekito,* Nos. A099 936 436/437/438 (B.I.A. June 24, 2010),
*aff'g* Nos. A099 936 436/437/438 (Immig. Ct. N.Y. City Aug.
12, 2008).  We assume the parties' familiarity with the
underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed
both the IJ's and the BIA's opinions "for the sake of
completeness."  *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir.
2008) (internal quotation marks omitted).  The applicable
standards of review are well-established.  *See* 8 U.S.C. §
1252(b)(4)(B); *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir.
2008).

Although the agency may have erred in evaluating
Lenny's claim of past persecution by failing to consider
cumulatively the incidents Lenny experienced in Indonesia,
remand would be futile.  *See Manzur v. U.S. Dep't of
Homeland Sec.*, 494 F.3d 281, 289-90 (2d Cir. 2007)
(providing that the agency should evaluate the cumulative
impact of an applicant's experiences, but recognizing that
"even if an IJ's decision contains errors, the decision will
not be vacated and remanded if doing so would be futile").
We have recognized that a valid past persecution claim can
be based on harm other than threats to life or freedom,

2

"includ[ing] non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006) (citing *Tian-Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir. 2004)), but to amount to persecution the harm must be sufficiently severe, rising above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Furthermore, "[w]e have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks omitted). In this case, unlike those cases in which we have remanded for the agency to evaluate cumulatively an alien's claims of past harm, Lenny did not testify to having suffered any physical, mental, or economic harm. *See, e.g.*, *Manzur*, 494 F.3d at 285-88 (Bangladeshi applicant and her children suffered post-traumatic stress disorder after applicant's husband was removed from their home and killed during a coup, and she and her children were subjected to twelve years of harm, including house arrest, attempted rape, death threats, economic deprivation, government surveillance, denial of medical care, and restrictions on travel); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 279-80 (2d Cir. 2006) (petitioner was detained and beaten by Cameroonian police on five occasions); *Poradisova v. Gonzales*, 420 F.3d 70, 74-75 (2d Cir. 2005) (petitioners' business was burned down and they were subjected to years of harassment, threats, and beatings in Belarus because they were Jewish). Ultimately, even considering in the aggregate the unfortunate incidents that Lenny endured in Indonesia, her experience was insufficiently severe to compel a reasonable fact-finder to conclude, contrary to the agency's view, that she suffered past persecution. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Mei Fun Wong*, 633 F.3d at 72; *Ivanishvili*, 433 F.3d at 341.

Furthermore, substantial evidence supports the agency's determination that Lenny failed to demonstrate a well-founded fear of persecution in Indonesia. In order to establish a well-founded fear of persecution, an alien must "present credible testimony that [s]he subjectively fears persecution and that h[er] fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The agency found that Lenny's numerous return trips to Indonesia from vacations and business trips to China,

3

Singapore, and the United States undermined the subjective genuineness of her claimed fear of persecution because her return trips post-dated all but one of her claimed incidents of persecution and she was not forced to depart from the countries she visited. We agree with the conclusion of the First Circuit that "[w]hile returning to one's native country does not automatically refute the possibility of having a genuine fear," a petitioner's numerous return trips to her home country may be substantial evidence that the petitioner does not harbor a subjective fear of returning. *Diab v. Ashcroft*, 397 F.3d 35, 42 (1st Cir. 2005). Lenny's return trips provide such evidence here. Additionally, the agency did not err in questioning the objective reasonableness of Lenny's claimed fear of persecution based on the fact that her parents and brother remain unharmed in Indonesia. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). Accordingly, the agency did not err in finding that Lenny failed to demonstrate a well-founded fear that she would be singled out for persecution if removed to Indonesia,[1] and reasonably denied her applications for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Finally, because Lenny waives any challenge to the agency's denial of her application for CAT relief, which was based on the IJ's finding that she could safely relocate within Indonesia, we decline to review the agency's decision insofar as it denied that form of relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).[2]

---

[1]  We do not review the agency's alternative determination that Lenny failed to demonstrate a pattern or practice of persecution against Chinese Christians because Lenny does not challenge that finding in her brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). We note that we have repeatedly found no error in the agency's determination that there is no such pattern or practice of persecution in Indonesia. *See, e.g.*, *Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009).

[2]  Lenny's failure to challenge the IJ's relocation finding is not dispositive of her entire petition for review because the IJ cited Lenny's ability to relocate

4

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

only as a basis for denial of CAT relief and not with respect to asylum and withholding.